## ASSIGNMENT AND SUBSTITUTION AGREEMENT AS TO CERTAIN CLAIMS

This Assignment and Substitution Agreement as to Certain Claims (this "Assignment") is dated this 22 day of May, 2023 (the "Effective Date") by and between Waibel Properties LLC, an Oregon limited liability company ("Seller") and South Fork Ranch LLC, an Oregon limited liability company or its designated assigns ("Buyer"). Seller and Buyer are referred to individually herein as a "Party" and collectively as the "Parties".

### RECITALS

Whereas, *Waibel Ranches, LLC*, an Oregon limited liability company, and *Waibel Properties, LLC*, an Oregon limited liability company (collectively, "Waibel"), filed a Second Amended Complaint against the *United States of America* ("USA" or "BLM") before the U.S. District Court, District of Oregon, Case Number 2:15-cv-02071.

Whereas, said Second Amended Complaint included six (6) claims for relief; namely, (1) First Claim for Relief was a claim relating to Old Teaters Road due to a gap in an easement upon such road; (2) Second Claim for Relief was a claim relating to the Old Teaters Road due to a breach of the 2015 Agreement between Waibel and BLM; (3) Third Claim for Relief was a claim relating to the Old Teaters Road due to a breach of the 2016 Agreement between Waibel and BLM; (4) Fourth Claim for Relief was a claim relating to the Old Teaters Road due to a breach of good faith and fair dealing regarding the 2016 Agreement between Waibel and BLM; (5) Fifth Claim for Relief was a claim relating to an easement related to the Big Summit Prairie Property; and (6) Sixth Claim for Relief was a claim relating to another easement related to the Big Summit Prairie Property.

Whereas, the First, Fifth, and Sixth claims for relief in the Second Amended Complaint were *dismissed with prejudice* by the U.S. District Court, District of Oregon, and the Second, Third, Fourth claims for relief in the Second Amended Complaint were *dismissed without prejudice* by the U.S. District Court, District of Oregon. *See* Judgment filed August 8, 2022.

Whereas, Waibel appealed said Judgment as to the claims for relief in the Second Amended Complaint that were *dismissed with prejudice* to the U.S. Court of Appeals, Ninth Circuit, Appeal Number 22-35703, i.e., First, Fifth, and Sixth claims for relief. However, it should be noted that the Notice of Appeal filed September 2, 2022, also appealed the Second claim for relief in the Second Amended Complaint.

Whereas, Waibel is still processing whether to file a Complaint for damages before the U.S. Court of Federal Claims as related to said Judgment as to the claims for relief in the Second Amended Complaint that were *dismissed without prejudice*, i.e., Second, Third, Fourth claims for relief. Under information and belief, it is understood that the Statute of Limitations to pursue any such claims expires around August 1, 2025, though Waibel makes no representations as to such Statute of Limitation.

Whereas, Seller and Buyer have entered into that certain (OREF Form) Farms, Ranches, Acreage & Natural Resource Property Real Estate Sale Agreement, together with Addendum No. 1,

1

PDX\138445\267789\ARW\36652302.2

**EXHIBIT 2**
**Page 1 of 6**

Addendum No. 2, and all associated exhibits and attachments thereto, executed by the Parties on or about March 15, 2023, together with the First Amendment to Purchase Agreement dated April 29, 2023 (collectively the "Purchase Agreement") for the sale of property more particularly described therein (the "LS Property"). The LS Property implicates some of the foregoing claims related to the Older Teaters Road, i.e., the First, Second, Third, Fourth Claims for Relief in said Second Amended Complaint. The remaining two claims, i.e., the Fifth and Sixth Claims for Relief in said Second Amended Complaint, implicate *other* property owned by Waibel that is not being sold to Buyer.

Whereas, Buyer desires to be assigned and to be substituted for Waibel as related to the First, Second, Third, Fourth Claims for Relief in said Second Amended Complaint.

Whereas, Waibel desires to retain its right, title, interest and claims as related to the Fifth and Sixth Claims for Relief in said Second Amended Complaint.

## AGREEMENT

Now, therefore, in consideration of the promises, covenants and conditions thereinafter set forth, it is agreed by and between the parties as follows:

(1) **Old Teaters Road Matter – First Claim for Relief in Second Amended Complaint:**

(a) The Seller and Waibel Ranches, LLC hereby assign any and all right, title, interest, damages and claims that Seller and Waibel Ranches, LLC have to Buyer as related to the First Claim of Relief in the Second Amended Complaint, including its associated appeal to the Ninth Circuit. After the Effective Date, Seller assumes any and all costs and risks arising after the Effective Date associated with such assignment, except that Seller and Waibel Ranches, LLC agree to cooperate with Buyer as related to such Claim.

The Seller and Waibel Ranches, LLC make no representation, warranty, or guarantee that an assignment of such claim from Seller and Waibel Ranches, LLC to Buyer will be legally effective, but agree that they will not challenge the effectiveness of the assignment.

(b) The Seller and Waibel Ranches, LLC agree to use their best efforts to substitute Buyer for Waibel as related to the First and Second Claims of Relief in the Second Amended Complaint in accordance with the Federal Rule of Civil Procedure 25(c), including its associated appeal to the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 43(b). After Closing, Seller and Waibel Ranches, LLC shall confer, as their expense, with the Defendant / Appellee to seek their consent for such substitution. If the Defendants / Appellee consent, then Seller and Waibel Ranches, LLC, at their expense, will file the requisite Motion and Proposed Order with the Court, though Seller and Waibel Ranches, LLC do not guarantee that the Court will grant such Motion. If the Defendant / Appellee do not consent, then Buyer may file, at its expense, the requisite Motion for Substitution. Buyer assumes any and all risk

2

PDX\138445\267789\ARW\36652302.2

**EXHIBIT 2
Page 2 of 6**

after the Effective Date as to litigating the First and Second Claims of Relief in the Second Amended Complaint, except that Seller and Waibel Ranches, LLC agree to cooperate with Buyer as related to such Claims.

The Parties acknowledge that there is an outlier as to the Second Claim for Relief in that the Judgment dismissed such Claim *without prejudice*, yet Waibel filed an appeal of such claim to the Ninth Circuit. If substitution of this claim is necessary, the Parties agree to use good faith efforts to substitute Buyer for Seller in the same.

The Seller and Waibel Ranches, LLC make no representation, warranty, or guarantee that a substitution relating to such claim from Seller and Waibel Ranches, LLC to Buyer will be legally effective, but agree that they will not challenge the effectiveness of the substitution.

(2) **Old Teaters Road Matter – Second, Third, Fourth Claims for Relief in Second Amended Complaint:** The Seller and Waibel Ranches, LLC hereby assign any and all right, title, interest, damages and claims that Seller and Waibel Ranches, LLC have to Buyer as related to the Second, Third, and Fourth Claims of Relief in the Second Amended Complaint, including (without limitation) all rights, claims and damage related to the 2016 Agreement. After the Effective Date, Buyer assumes any and all costs and risks arising after the Effective Date associated with such assignment, except that Seller and Waibel Ranches, LLC agree to cooperate with Buyer as related to such Claims.

The Seller and Waibel Ranches, LLC make no representation, warranty, or guarantee that an assignment of such claims from Seller and Waibel Ranches, LLC to Buyer will be legally effective but agree that they will not challenge the effectiveness of the assignment.

(3) **Big Summit Prairie – Fifth and Sixth Claims for Relief in Second Amended Complaint:** The Seller and Waibel Ranches, LLC retain all right, title, interest, and claims that Seller and Waibel Ranches, LLC have in the Fifth and Sixth Claims for Relief in the Second Amended Complaint, including its associated appeal to the Ninth Circuit.

(4) **Seller and Buyer Cooperation:** After the Effective Date, Seller and Waibel Ranches, LLC and Buyer will separately agree as to a whether each will separately or jointly adjudicate their respective claims before the Ninth Circuit. Assuming the Ninth Circuit remands back to the District Court for further adjudication the First, Second, Fifth, and/or Sixth Claims for Relief, the Seller and Waibel Ranches, LLC and Buyer will separately agree as to further processing of such claims, though it would likely seem prudent that the Seller and Waibel Ranches, LLC and Buyer seek to bifurcate any further adjudication of the First Claim for Relief (and, as may be applicable, the Second Claim for Relief), and the Fifth and Sixth Claims for Relief after any remand to the U.S. District Court, given at that point different owners of such property and given different factual and legal arguments as to such claims.

PDX\138445\267789\ARW\36652302.2

**EXHIBIT 2**
**Page 3 of 6**

**(5) General Provisions.**

a. Due Authorization. Seller and Waibel Ranches, LLC and Buyer each represent and warrant to the other party that each has full power and authority to enter into this Assignment without the consent of any other person or entity.

b. Counterparts; Scanned Email Signatures. This Assignment may be executed in counterparts and when each Party has signed and delivered at least one such executed counterpart to the other Party, then each such counterpart shall be deemed an original, and, when taken together with the other signed counterpart, shall constitute one agreement which shall be binding upon and effective as to all signatory Parties. Scanned email signatures and/or electronic signatures shall operate as originals for all purposes under this Assignment.

c. Binding Effect. The provisions of this Assignment shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns and no amendment to this Assignment shall be binding upon the parties unless in the form of a writing executed by each Party hereto.

d. Integration. This Assignment contains the entire agreement and understanding of the Parties with respect to the matters described herein, and supersedes all prior and contemporaneous agreements between them with respect to such matters.

[SIGNATURE PAGE FOLLOWS]

PDX\138445\267789\ARW\36652302.2

4

**EXHIBIT 2**
**Page 4 of 6**

The Parties have executed this Assignment as of the Effective Date.

**BUYER**

South Fork Ranch LLC

_____
Curtis Baney, President


Waibel Ranches, LLC

Name: _Brad Walbd_
Its: _manager_

**SELLER**

Waibel Properties LLC

Name: Brad Waibel
Its:    Manager

PDX\138445\267789\ARW\36652302.2

**EXHIBIT 2**
**Page 5 of 6**

The Parties have executed this Assignment as of the Effective Date.

**BUYER**

South Fork Ranch LLC

Curtis Baney, President

**SELLER**

Waibel Properties LLC

_____

Name: Brad Waibel
Its:    Manager

Waibel Ranches, LLC

_____

Name:_____
Its:_____

PDX\138445\267789\ARW\36652302.2

5

**EXHIBIT 2**
**Page 6 of 6**