**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2936
sean.martin@usdoj.gov
Telephone:   (503) 727-1000
        Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **SOUTH FORK RANCH, LLC,** an Oregon Limited Liability Company, | **Case No. 2:25-cv-00186-HL** |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b) AND MEMORANDUM IN SUPPORT** |
| v. | |
| **UNITED STATES OF AMERICA**, | |
| Defendant, | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................iii

MOTION ........................................................................................................ 1

MEMORANDUM ............................................................................................ 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................... 1

FACTUAL AND PROCEDURAL BACKGROUND...................................................... 3

    I.      Teaters Road and initial litigation over the United States' easement ........ 3

    II.     Ninth Circuit appeal.......................................................................... 4

    III.    Proceedings in this Court on remand ........................................................ 5

LEGAL BACKGROUND .................................................................................... 7

    I.      Dismissal under Fed. R. Civ. P. 12(b)(6)........................................... 7

    II.     Sovereign immunity and dismissal under Fed. R. Civ. P. 12(b)(1) ............ 8

    III.    Assignment law ................................................................................ 9

    IV.   Contract-related claims against the federal government ......................... 10

    V.     The Quiet Title Act ........................................................................ 11

ARGUMENT .................................................................................................. 12

    I.      This Court should dismiss all three counts of Plaintiff's QTA claim ........ 12

        A.  This Court should dismiss all three QTA counts under the Anti-Assignment Act ................................................................................ 12

        B.  In the alternative, QTA Count II is not viable given basic Oregon requirements for agreements and declarations regarding real property interests ................................................................................ 12

        C.  In the alternative, this Court should dismiss QTA Count III under Fed. R. Civ. P. 12(b)(6) and 12(b)(1)................................................. 14

D. The QTA counts are not viable to the extent they allege the availability of relief that conflicts with the QTA's conditions ................... 15

II. This Court should dismiss all three counts of Plaintiff's Administrative Procedure Act ("APA") claim ...................................................................... 17

A. This Court should dismiss all three APA counts under the Anti-Assignment Act ...................................................................................... 17

B. In the alternative, there is no jurisdiction for Plaintiff's APA Count I: the QTA is the exclusive means to challenge the government's easement ..... 17

C. APA Count I is not viable under Fed. R. Civ. P. 12(b)(6) because Waibel did not assign any APA claims to Plaintiff and Plaintiff may not assert claims that Waibel did not have ...................................... 18

D. APA Count II is not viable under Fed. R. Civ. P. 12(b)(6) ......................... 18

1. As Waibel's assignee, Plaintiff gained no viable claims regarding the alleged 2016 agreement ................................................... 19

2. Waibel did not assign any APA claims to Plaintiff; Plaintiff has no APA claims ........................................................................... 19

E. APA Count II also fails for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) .................................................................................. 20

1. APA Count II is a contract-related claim that may only be pursued in the Court of Federal Claims .......................................... 20

2. APA Count II also fails because Plaintiff fails to identify the requisite "final agency action" or "specific legislative command." ....................... 20

F. APA Count III fails under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1) ........... 22

III. In the alternative, this Court should dismiss under Fed. R. Civ. P. 12(b)(7) unless Plaintiff joins Crook County as a necessary party ............ 23

CONCLUSION ................................................................................................. 24

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................ 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 7

*Bennett v. Spear*, 520 U.S. 154 (1997)............................................................ 22

*Block v. North Dakota*, 461 U.S. 273 (1983) ............................................ 17-18

*Ctr. for Cmty. Action and Env't Just. v. BNSF Ry. Co.*, 764 F.3d 1019
   (9th Cir. 2014) ............................................................................................. 7

*Dalton v. Specter*, 511 U.S. 462 (1994)......................................................... 20

*Doe v. United States*, 372 F.3d 1308 (Fed. Cir. 2004).................................. 11

*Dunn & Black P.S. v. United States*, 492 F.3d 1084 (9th Cir. 2007) ........... 8

*Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165
   (E.D. Cal. 2007) ........................................................................................ 18

*Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923 (9th Cir. 2010) ........ 22

*Leisnoi, Inc. v. United States*, 170 F.3d 1188 (9th Cir. 1999) ................... 11

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990)...................................... 21

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ........................................ 7-8

*Misic v. Bldg. Serv. Emp. Health & Welfare Trust*, 789 F.2d 1374 (9th Cir. 1986) .... 9

*Price v. U.S. Gen. Servs. Admin.*, 894 F.2d 323 (9th Cir. 1990) ............... 11

*Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095 (9th Cir. 2007) ....................... 9

*S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564 (9th Cir. 2019) ................. 20

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)................... 8

*State of Alaska v. Babbitt*, 38 F.3d 1068 (9th Cir. 1994)..................... 17-18

*State v. Babbitt*, 75 F.3d 449 (9th Cir. 1996) ................................................................ 17

*Thakur v. Trump*, 176 F.4th 1187 (9th Cir. 2026) ...................................................... 20

*Tobar v. United States*, 639 F.3d 1191 (9th Cir. 2011) .................................................. 8

*United States v. Gillis*, 95 U.S. 407 (1877) ............................................................. 9-10

*United States v. Kim*, 806 F.3d 1161 (9th Cir. 2015) ............................................... 9, 10

*United States v. Park Place Assocs., LTD*, 563 F.3d 907 (9th Cir. 2009) ................. 11

*United States v. Shannon*, 342 U.S. 288 (1952) ........................................................ 10

*Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068 (9th Cir. 2016) ....... 22

## STATE CASES

*Ames v. Fallert*, 657 P.2d 224 (Or. App. 1983) .......................................................... 13

*Hoag Living Trust Dated February 4, 2013 v. Hoag*, 424 P.3d 731 (Or. App. 2018). 13

*State ex rel. AFSD v. Lester*, 608 P.2d 588 (Or. App. 1980) ...................................... 9

## FEDERAL STATUTES

5 U.S.C. § 706(1) ........................................................................................................ 22

28 U.S.C. § 1346(a)(2) ................................................................................................ 11

28 U.S.C. § 1491 ......................................................................................................... 11

28 U.S.C. § 1491(a)(1) ................................................................................................ 10

28 U.S.C. § 2409a(a) ................................................................................................... 11

28 U.S.C. § 2409a(b) ........................................................................................... 4, 11, 16

28 U.S.C. § 2409a(c) ................................................................................................... 16

31 U.S.C. § 3727(a)(1)-(2) ............................................................................................ 9

37 U.S.C. § 3727 ................................................................................................ 9, 12, 17

41 U.S.C. § 6305(a) ...................................................................................... 10, 15

## STATE STATUTES

ORS § 41.580(1)(f) ............................................................................................ 14

ORS § 93.020(1) ....................................................................................... 12-13, 13

ORS § 368.031 ................................................................................................... 24

## FEDERAL RULES

Fed. R. Civ. P. 12(b) ................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1) ............................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................... *passim*

Fed. R. Civ. P. 12(b)(7) ..................................................................................... 23

Fed. R. Civ. P. 19(a)(1) ...................................................................................... 23

## FEDERAL REGULATIONS

43 CFR § 4.21(a) ................................................................................................ 21

## OTHER AUTHORITIES

Black's Law Dictionary (9th ed. 2009) .............................................................. 10

**MOTION**

Defendant United States of America moves to dismiss Plaintiff South Fork Ranch LLC's ("Plaintiff") second amended complaint (ECF 19) under Fed. R. Civ. P. 12(b).  Pursuant to LR 7-1(a), counsel for the parties conferred by phone on July 23, 2026, and Plaintiff opposes this motion.

**MEMORANDUM**

### INTRODUCTION AND SUMMARY OF ARGUMENT

This Court should dismiss Plaintiff's second amended complaint under Fed. R. Civ. P. 12(b)(6), 12(b)(1), and/or 12(b)(7).

Plaintiff alleges Quiet Title Act ("QTA") and Administrative Procedure Act ("APA") claims.  These claims hinge on Plaintiff's supposed rights as the assignee of certain claims from a previous landowner challenging a United States easement that was formally recorded in the early 1960s for public access to public lands.

All of Plaintiff's claims fail, because the Anti-Assignment Act bars the assignment of claims against the United States; none of Plaintiff's claims are viable.

Aside from this fundamental problem with Plaintiff's supposed assignee rights, Plaintiff's QTA counts have threshold deficiencies that warrant dismissal under Rule 12(b).  Illustratively, Plaintiff's QTA Count II alleges that the United States gave up the right to public access via a supposed 2015 "agreement," but Plaintiff fails to identify any agreement that meets the elemental standards established by Oregon law for valid declarations regarding real property interests.

In addition, Plaintiff's QTA Count III focuses on an alleged 2016 "agreement" between the United States and the previous landowner, but the landowner lost in this Court on its claims regarding the alleged 2016 agreement and did not appeal.  Plaintiff as assignee therefore has no valid claim regarding the alleged 2016 agreement.  Further, claims regarding the alleged 2016 agreement are contract claims that may only be pursued in the U.S.  Court of Federal Claims, and Plaintiff's counsel has represented to the government that the alleged 2016 agreement is a contract.

Similarly, aside from the threshold problem with Plaintiff's supposed assignee rights, Plaintiff's APA counts have threshold failings that warrant dismissal under Rule 12(b)(6) and/or 12(b)(1).  For example, Plaintiff's APA Count I challenges the United States' claim to real property rights, but binding precedent establishes that the APA's waiver of sovereign immunity does not apply in these circumstances.

Plaintiff's APA Counts II and III fare no better and should be dismissed under Rule 12(b)(6) and/or 12(b)(1).  These counts focus on the alleged 2016 agreement.  But as the prior landowner's assignee, Plaintiff obtained no viable claims regarding the alleged 2016 agreement; the assignor had already litigated, lost, and decided not to appeal those claims.  Just as fatal to Plaintiff's APA counts, the prior landowner did not have APA claims or counts in the first place; Plaintiff as assignee therefore has none.

Page 2        United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

Further, in the alternative, dismissal under Rule 12(b)(7) is warranted for Plaintiff's failure to join Crook County as a necessary party. Allegations and requested relief regarding the "New Road" are central to Plaintiff's action and Crook County has ownership and management interests in the New Road.

For all these reasons, and the additional reasons explained below, this Court should dismiss this action under Rule 12(b).

## FACTUAL AND PROCEDURAL BACKGROUND

I.    **Teaters Road and initial litigation over the United States' easement.**

In 1964, one of Plaintiff's predecessors-in-interest publicly granted the United States a perpetual easement over Teaters Road in Crook County, Oregon that included the express right for the people of the United States to access federal lands. *See* ECF 19-3 at 4.

More than 50 years later, in 2015, Plaintiff's immediate predecessors-in-interest, Waibel Ranches, LLC and Waibel Properties, LLC ("Waibel"), commenced a civil action against the U.S. Bureau of Land Management ("BLM") challenging the United States' easement over Teaters Road. *See* ECF 19 ¶ 28. The United States refers to that action, No. 2:15-cv-02071-HL, as the "Waibel action."

After an extended stay in the litigation and unsuccessful mediation, the United States moved in November 2021 to dismiss Waibel's first amended complaint under Fed. R. Civ. P. 12(b)(1). Waibel action ECF 110. In March 2022, this Court granted Waibel leave to file a second amended complaint. Waibel action ECF 140. This Court considered the United States' motion to dismiss with respect

Page 3    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

to the second amended complaint.  Waibel action ECF 142.

In April 2022, this Court entered Findings and Recommendation ("F&R")
that recommended granting the United States' motion against all six claims in
Waibel's second amended complaint.  Waibel action ECF 149.  This Court rejected
Waibel's objections to the F&R and entered judgment for the United States against
all six claims.  Waibel action ECF 164.[1]

## II.    Ninth Circuit appeal.

In September 2022, Waibel appealed.  Waibel action ECF 166.  Waibel
appealed the dismissal of its first, second, fifth, and sixth claims for relief.  *Id*.

Waibel did not appeal the dismissal of the third and fourth claims.  *See id*.
Waibel's third and fourth claims concerned an alleged 2016 agreement to build a
new road among other purported agreements.  Waibel action ECF 149 at 18.  *See
also* ECF 19-7 (copy of alleged 2016 agreement, attached to Plaintiff's operative
complaint in the instant case).  Waibel's third claim related to "a breach of the 2016
Agreement between Waibel and BLM."  ECF 19-2 at 1.  Similarly, Waibel's fourth
claim related to "a breach of good faith and fair dealing regarding the 2016
Agreement between Waibel and BLM."  *Id*.

While Waibel's appeal was pending in the Ninth Circuit, South Fork Ranch

---

[1] On May 17, 2022, this Court granted the United States' motion for relief under 28
U.S.C. § 2409a(b) and ordered Waibel to allow the United States use of Teaters
Road.  Waibel action ECF 154.  As this Court found, "[i]ncluded in the United
States' use of Teaters Road is 'the right of access for the people of the United States'
and its ability to grant access to its licensees."  *Id*. at fn.1.

Page 4        United States' Motion to Dismiss, *South Fork Ranch, LLC v. United
              States*; Case No. 2:25-cv-00186-HL

became a party to the appeal after it purchased the private property underlying Teaters Road from Waibel. *See* ECF 19 ¶¶ 7, 9. South Fork substituted for Waibel in the appeal regarding the dismissal of the first and second claims for relief in Waibel's second amended complaint. *See* No. 22-35703, DktEntry 19 (9th Cir. July 18, 2023). The United States did not oppose South Fork's substitution as limited to the pending appeal.

In July 2024, for the four claims on appeal, the Ninth Circuit affirmed this Court in part and reversed in part. Waibel action ECF 170. The Ninth Circuit affirmed this Court's dismissal of the sixth claim, but reversed this Court's dismissal of the first, second, and fifth claims. The Ninth Circuit remanded to this Court for further proceedings.[2]

### III.    Proceedings in this Court on remand.

In December 2024, Plaintiff moved in this Court to be added as a plaintiff in the Waibel action "for the purposes of adjudication of Claims 1 and 2 of the Second Amended Complaint." Waibel action ECF 180. As Plaintiff explained, "the current Waibel Plaintiffs no longer own the property burdened by Teaters Road." *Id.* With its motion, Plaintiff did not mention any assignment or assignee rights from Waibel, nor did Plaintiff include a copy of any assignment agreement in support of its motion. The United States did not oppose Plaintiff's motion, but did not affirmatively waive any of its rights to challenge Plaintiff's claims.

---

[2] The fifth claim challenged a separate federal easement in the Big Summit Prairie area on lands that Waibel continues to own. That claim was adjudicated to judgment in this Court. *See* Waibel action ECF 203.

Page 5        United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

This Court granted Plaintiff's motion, "for the purposes of adjudicating Claims 1 and 2 of the Second Amended Complaint." Waibel action ECF 181. Plaintiff then filed an amended and supplemental complaint. *See* Waibel action ECF 186.

In January 2025, at Plaintiff's request, this Court severed its claims from the Waibel case and created the instant case, No. 25-cv-00186. Waibel action ECF 183-84. In February 2025, Plaintiff filed its amended and supplemental complaint in the instant case. ECF 1. That complaint tracked Plaintiff's initial complaint filed in the Waibel case as ECF 186.

On June 17, 2026, Plaintiff filed the operative complaint—its second amended complaint. ECF 19. Central to the complaint, Plaintiff asserts for the first time in this Court that it has standing to bring its claims as Waibel's assignee under a May 2023 agreement. *See* ECF 19 ¶ 8, ECF 19-2 (copy of May 2023 agreement attached to operative complaint).

The May 2023 agreement purported to assign to Plaintiff "any and all right, title, interest, damages, and claims" from Waibel, "as related to" the first through fourth claims in Waibel's second amended complaint in the 15-cv-02071-HL case. ECF 19-2 at 2, 3.[3]

In the May 2023 agreement, Waibel expressed some uncertainty about the

---

[3] The May 2023 agreement states that Waibel was "still processing" whether to file a complaint in the U.S. Court of Federal Claims regarding the third and fourth claims in Waibel's second amended complaint. ECF 19-2 at 1. The agreement also states that "it is understood" that the statute of limitations to "pursue any such claims" expires around August 1, 2025. *Id*.

Page 6    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

effectiveness of the assignment.  The agreement states that "[Waibel] make[s] no representation, warranty, or guarantee that an assignment of such claim[s] . . . will be legally effective." *Id*.

## LEGAL BACKGROUND

### I.      Dismissal under Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is granted when there is "either a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal claim." *Ctr. for Cmty. Action and Env't Just. v. BNSF Ry. Co.*, 764 F.3d 1019, 1023 (9th Cir. 2014) (citation omitted).  The factual allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party.  *Id*.

To "survive" a 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Conclusory statements in a complaint are not presumed true.  *Id*. at 681.

Although the scope of review on a 12(b)(6) motion is generally limited to the complaint, a court may consider evidence on which the "complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to

Page 7      United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (cleaned up). The court may "treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (cleaned up).

## II.    Sovereign immunity and dismissal under Fed. R. Civ. P. 12(b)(1).

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (cleaned up).  The party asserting a claim against the federal government bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).  Sovereign immunity is a defense properly raised under Fed. R. Civ. P. 12(b)(1).  *Tobar*, 639 F.3d at 1194.

A motion under Fed. R. Civ. P. 12(b)(1) may raise facial and/or factual jurisdictional challenges to a plaintiff's claims.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  For a facial challenge, the challenger asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction.  *Id.*  For a factual challenge, this Court may review outside evidence without converting the motion into a motion for summary judgment, and this Court need not presume the truthfulness of the plaintiff's allegations.  *Id.*  Once challenged, the party asserting subject matter jurisdiction has the burden of

Page 8        United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

proving its existence. *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

### III.    Assignment law.

For its standing in this case, Plaintiff relies on assignee rights it allegedly received from Waibel. *See* ECF 19 ¶ 8, ECF 19-2.

"An assignee stands in the shoes of his assignor." *State ex rel. AFSD v. Lester*, 608 P.2d 588, 589 (Or. App. 1980). A plaintiff, as assignee, "could acquire no greater interest" than what the assignor possessed. *Id. See Misic v. Bldg. Serv. Emp. Health & Welfare Trust*, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1986) (recognizing "the familiar principle that an assignment cannot create rights in the assignee not held by the assignor" and that "if the assignment is valid, [the assignee] has standing to assert whatever rights the assignor possessed").

The Anti-Assignment Act, now codified at 37 U.S.C. § 3727, prohibits the "assignment of any part of a claim against the United States Government or of an interest in that claim; or the authorization to receive payment for any part of the claim," unless certain conditions are met. 31 U.S.C. § 3727(a)(1)-(2). "Under the plain terms of the Act, a claim against the United States may not be assigned to a third party unless these technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015).

The Supreme Court has taken a broad interpretation of the Anti–Assignment Act. "No language could be broader or more emphatic than these enactments. The words embrace every claim against the United States, however arising, of whatever

Page 9       United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

nature it may be, and wherever and whenever presented." *United States v. Gillis*, 95 U.S. 407, 413 (1877).  A claim is defined as "[t]he aggregate of operative facts giving rise to a right enforceable by a court  . . . [t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional . . . [a] demand for money, property, or a legal remedy to which one asserts a right." Black's Law Dictionary 281-82 (9th ed. 2009).  *See also Kim*, 806 F.3d at 1170 (recognizing that "the Government has the power to pick and choose which assignments it will accept and which it will not").

The Anti-Assignment Act's purposes include "to prevent possible multiple payment of claims, to make unnecessary the investigation of alleged assignments, and to enable the Government to deal only with the original claimant." *United States v. Shannon*, 342 U.S. 288, 291 (1952) (noting that another purpose of the Act is to "save to the United States defenses which it has to claims by an assignor . . . which might not be applicable to an assignee") (cleaned up).

## IV.     Contract-related claims against the federal government.

Under 41 U.S.C. § 6305(a), "[t]he party to whom the Federal Government gives a contract . . . may not transfer the contract . . . or any interest in the contract . . ., to another party."  Further, "[a] purported transfer in violation of this subsection annuls the contract . . . so far as the Federal Government is concerned." *Id.*

A plaintiff may bring contract claims against the federal government without monetary restriction under 28 U.S.C. § 1491(a)(1), the Tucker Act, but only in the

Page 10    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

U.S. Court of Federal Claims, not in the federal district court. *See Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004); *Park Place Assocs.*, 563 F.3d at 927.

Under 28 U.S.C. § 1346(a)(2), the Little Tucker Act, a federal district court has jurisdiction over a claim founded upon "any express or implied contract with the United States," when the amount sought is $10,000 or less. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009); *Price v. U.S. Gen. Servs. Admin.*, 894 F.2d 323, 324 (9th Cir. 1990). The Little Tucker Act "does not . . . authorize the district courts to grant declaratory or equitable relief against the United States." *Price*, 894 F.2d at 324.

## V.    The Quiet Title Act.

Under the QTA, the United States may be named as a party defendant "to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). The QTA is "the exclusive means by which adverse claimants [can] challenge the United States' title to real property," including easements held by the United States. *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999) (cleaned up).

The QTA does not "apply to" actions "which may be or could have been brought" under the Tucker Act, 28 U.S.C. § 1491. 28 U.S.C. § 2409a(a).

If the United States loses on the merits of a QTA claim, it "nevertheless may retain such possession and control of the real property or of any part thereof as it may elect," upon payment of an amount the district court determines to be just compensation. 28 U.S.C. § 2409a(b).

Page 11    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

## ARGUMENT

I. **This Court should dismiss all three counts of Plaintiff's QTA claim.**

   A. **This Court should dismiss all three QTA counts under the Anti-Assignment Act.**

Plaintiff's three QTA counts are not viable under Fed. R. Civ. P. 12(b)(6). Plaintiff relies on standing as Waibel's assignee, but the Anti-Assignment Act bars the assignment of claims against the United States. 37 U.S.C. § 3727; *see supra* Legal Background II.

This Court should therefore dismiss the QTA counts under Fed. R. Civ. P. 12(b)(6).

   B. **In the alternative, QTA Count II is not viable given basic Oregon requirements for agreements and declarations regarding real property interests.**

In the alternative, this Court should dismiss Count II of Plaintiff's QTA claim under Fed. R. Civ. P. 12(b)(6) because it is insufficient to state a viable legal claim given basic Oregon requirements regarding real property interests.

In Count II, Plaintiff alleges that the United States permanently gave up the right to public access under its easement over Teaters Road through a supposed 2015 settlement agreement. But Count II is not viable because Oregon has fundamental requirements for agreements and declarations regarding real property interests, and Plaintiff fails to allege facts showing it meets these basic elements.

Count II is not viable given ORS § 93.020(1). Under that statute, no "interest in real property" can be created, transferred, or declared "otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party

Page 12     United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

creating, transferring or declaring it, or by the lawful agent of the party under written authority, and executed with such formalities as are required by law." *Id.*

Count II lacks viability because its allegations do not address the threshold Oregon elements for a valid real property declaration enumerated in ORS § 93.020(1). Plaintiff fails to identify a "conveyance or other instrument in writing" that constituted the supposed 2015 agreement. Plaintiff also fails to allege that such a writing was "subscribed" by any identified "lawful agent" of the United States who was acting "under written authority." *See Ames v. Fallert*, 657 P.2d 224, 226 (Or. App. 1983) (recognizing that there "is no question" that Oregon statutes including ORS § 93.020(1) "would render an unsigned deed unenforceable as to the nonsigner"). Further, Plaintiff fails to allege that any such document was "executed with such formalities as are required by law." *See* ORS § 93.020(1).

Instead, Plaintiff alleges an unwritten, unsigned (*i.e.* not "subscribed"), undated "2015 Settlement Agreement" that was supposedly later "confirm[ed" by a BLM news release. ECF 19 ¶¶ 19, 20. Plaintiff's allegation that the news release merely confirmed another unwritten act is an admission that the news release itself does not constitute a writing that created, transferred, or declared as required by ORS § 93.020(1). In any event, the elements required by section 93.020(1) are not in the news release. "When an ambiguity in the writing cannot be cured without resort to parol evidence of the parties' intentions, the writing is unenforceable." *The Hoag Living Trust Dated February 4, 2013 v. Hoag*, 424 P.3d 731, 735 (Or. App. 2018).

In addition to the threshold problems given ORS § 93.020(1), QTA Count II

Page 13    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

also lacks viability given ORS § 41.580(1)(f).  Under that statute, an agreement "concerning real property" is void unless the authority of the agent of the party sought to be charged "is in writing and subscribed."  Plaintiff fails to identify any "agent" of the United States who had written authority to bind the government to the alleged 2015 agreement.  The only writings that Plaintiff identifies as the source of an agreement are two BLM news releases.  *See* ECF 19-5, 19-6.  But those documents are not signed (*i.e.* "subscribed") and they fail to identify anyone with authority to enter into a formal real property agreement with Waibel.  Any supposed 2015 agreement is void and cannot support Plaintiff's claims.

For these reasons, this Court should dismiss Count II of Plaintiff's QTA claim under Fed. R. Civ. P. 12(b)(6).

**C. In the alternative, this Court should dismiss QTA Count III under Fed. R. Civ. P. 12(b)(6) and 12(b)(1).**

In the alternative to Argument I.A., this Court should dismiss Count III of Plaintiff's QTA claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff, as Waibel's assignee, only "stands in the shoes" of Waibel's rights to its claims regarding the alleged 2016 agreement.  In May 2023, Waibel assigned its claims regarding the alleged 2016 agreement to Plaintiff.  *See* ECF 19-2 at 1, 3.  But as the assignment agreement acknowledged, those claims were dismissed by this Court in 2022—and the dismissal of those claims was not appealed to the Ninth Circuit.  *See id.* at 1. Waibel had no remaining rights to such claims in May 2023, and therefore could not assign any such rights to Plaintiff .

Even aside from this threshold problem, there is no jurisdiction under Fed. R.

Page 14    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

Civ. P. 12(b)(1) to hear QTA Count III.  As this Court decided, Waibel's claims regarding the alleged 2016 agreement are contract claims that may only be pursued in the Court of Federal Claims and which are barred by the terms of the QTA.  *See* Waibel action ECF 149 at 17-19 (discussing claims regarding alleged 2016 agreement and recommending dismissal); Waibel action ECF 163 (adopting F&R). Indeed, Plaintiff's current counsel represented in a formal October 2025 contract claim that the alleged 2016 agreement was a "contract."  Exhibit A at 1-2.

Finally, under 41 U.S.C. § 6305(a), even assuming *arguendo* that the alleged 2016 agreement is a "contract," that contract is annulled as far as the United States is concerned.  Section 6305(a) provides that a party to whom the Federal Government gives a contract may not transfer the contract or any interest therein to another party."  A purported transfer in violation of that statutory provision annuls the contract "so far as the Federal Government is concerned."  *Id*.  By transferring its interest to Plaintiff, Waibel annulled any 2016 contract with the United States that might have existed.

For these reasons, this Court should dismiss QTA Count III under Fed. R. Civ. P. 12(b).

### D. The QTA counts are not viable to the extent they allege the availability of relief that conflicts with the QTA's conditions.

Throughout the three counts of its QTA claim, Plaintiff alleges it is entitled to sweeping relief regarding Teaters Road, but such relief is not available under the QTA.  The counts are therefore not viable under Fed. R. Civ. P. 12(b)(6) to the extent they allege relief at odds with the QTA.

Page 15    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

The QTA requires up front that the United States not be disturbed in possession or control of Teaters Road through this Court's final judgment or decree, and through the conclusion of any appeal, and sixty days.  *See* 28 U.S.C. § 2409a(b). Further, the QTA expressly provides that if a "final determination" is adverse to the United States, the United States "nevertheless may retain such possession or control of the real property or of any part thereof as it may elect," upon payment of just compensation as determined by this Court.  *Id.*

At odds with the QTA, Plaintiff alleges that this Court should declare that it "has a right to relock the Teaters Road gates" and that this Court should order the United States to "post signs stating Teaters Road is not open to the public."  ECF 19 ¶ 46.  *See also id.* ¶ 51.h) (making similar allegations).,  Also at odds with the QTA, Plaintiff requests an order that the United States must execute and record a legal instrument "releasing and disclaiming all interest" in its Teaters Road easement, and requests a judgment "permanently enjoining" the United States "from allowing public use" of the Teaters Road easement.  *Id.* Prayer for Relief on QTA Count I.  These allegations are not viable under Rule 12(b)(6).

Plaintiff also alleges it is "entitled to interlocutory relief allowing it to close Teaters Road to the public during the pendency of this case." ECF 19 ¶ 51.g).  But the QTA expressly provides that "[n]o preliminary injunction shall issue in any action brought" under it.  28 U.S.C. § 2409a(c).

For all these reasons, this Court should dismiss Plaintiff's QTA claim under Fed. R. Civ. P. 12(b).

Page 16    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

II.    **This Court should dismiss all three counts of Plaintiff's Administrative Procedure Act ("APA") claim.**

A. **This Court should dismiss all three APA counts under the Anti-Assignment Act.**

Plaintiff's three APA claims are not viable under Fed. R. Civ. P. 12(b)(6). Plaintiff relies on standing as Waibel's assignee, but the Anti-Assignment Act bars the assignment of claims against the United States.  37 U.S.C. § 3727; *see supra* Legal Background II.

This Court should therefore dismiss the APA counts under Fed. R. Civ. P. 12(b)(6).

B. **In the alternative, there is no jurisdiction for Plaintiff's APA Count I: the QTA is the exclusive means to challenge the government's easement.**

In the alternative, there is no jurisdiction under Fed. R. Civ. P. 12(b)(1) for Count I of Plaintiff's APA claim.  Count I asserts an APA claim based on the BLM's "continued assertion of Easement rights."  ECF 19 ¶ 61.  According to Plaintiff, BLM must "execute and record a release or disclaimer of its claimed easement interest" at Teaters Road.  *Id.* ¶ 62.

This Court should dismiss APA Count I under Fed. R. Civ. P. 12(b)(1).  As the Ninth Circuit has established, "the QTA is the exclusive means to challenge the United States' title to real property."  *State v. Babbitt*, 75 F.3d 449, 453 (9th Cir. 1996).  "[W]hen the United States has an interest in [] disputed property, the waiver of sovereign immunity must be found, if at all, within the QTA."  *State of Alaska v. Babbitt*, 38 F.3d 1068, 1073 (9th Cir. 1994) (noting that the Supreme Court in *Block*

Page 17    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

*v. North Dakota*, 461 U.S. 273 (1983), "explicitly rejected the theory that one could avoid the limitations of the QTA by bringing an action under the APA"). "A claim that seeks a title determination against the United States can only be brought under the [QTA], not "any other law." *Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165, 1178-79 (E.D. Cal. 2007) (granting motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1)). Plaintiff's APA Count I should be dismissed because it seeks a determination that the government must disclaim its title interest in the disputed easement; such a claim may only be brought under the QTA.

### C. APA Count I is not viable under Fed. R. Civ. P. 12(b)(6) because Waibel did not assign any APA claims to Plaintiff and Plaintiff may not assert claims that Waibel did not have.

In the alternative to Arguments II.A. and II.B, this Court should dismiss APA Count I under Fed. R. Civ. P. 12(b)(6) because Waibel did not have any APA claims and did not assign any APA claims to Plaintiff. Waibel only assigned its rights under Waibel's first through fourth claims for relief in its second amended complaint in the Waibel action. ECF 19-2 at 1-3. None of those claims were APA claims. Plaintiff, as Waibel's assignee, cannot assert claims beyond those held by Waibel.

### D. APA Count II is not viable under Fed. R. Civ. P. 12(b)(6).

In the alternative to argument II.A., this Court should dismiss Count II of Plaintiff's APA claim under Fed. R. Civ. P. 12(b)(6). Count II asserts an APA claim based on the BLM's supposed actions to "interfere with and undermine" the alleged 2016 agreement between BLM and Waibel. ECF 19 ¶ 68. This count is not viable

Page 18    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

because Plaintiff, as assignee of Waibel's rights, obtained no viable rights regarding the alleged 2016 agreement.

### 1. As Waibel's assignee, Plaintiff gained no viable claims regarding the alleged 2016 agreement.

Plaintiff, as Waibel's assignee, gained no viable claims regarding the alleged 2016 agreement. In May 2023, Waibel assigned Plaintiff its claims regarding the alleged 2016 agreement. *See* ECF 19-2 at 1, 3. But as the May 2023 agreement acknowledged, those claims were dismissed by this Court in 2022—and the dismissal of those claims was not appealed to the Ninth Circuit. *See id.* at 1 (noting dismissal and no appeal regarding Waibel's claim of a "breach of good faith and fair dealing regarding the 2016 Agreement"). Plaintiff as assignee cannot assert claims that Waibel already litigated, lost, and decided not to appeal.

### 2. Waibel did not assign any APA claims to Plaintiff; Plaintiff has no APA claims.

In the alternative, this Court should dismiss APA Count II under Fed. R. Civ. P. 12(b)(6) because Waibel did not assign any APA claims to Plaintiff. Waibel only assigned its rights under its first through fourth claims for relief in its second amended complaint in the Waibel action. ECF 19-2 at 1-3. None of these claims were APA claims. Plaintiff, as Waibel's assignee, cannot assert claims beyond those asserted by Waibel.

Page 19      United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

### E. APA Count II also fails for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

#### 1. Plaintiff's APA Count II is a contract-related claim that may only be pursued in the Court of Federal Claims.

Even apart from the above threshold problems with APA Count II, there is no jurisdiction under Fed. R. Civ. P. 12(b)(1). That is because Count II addresses the alleged 2016 agreement; it is a contract-related claim that may only be pursued in the Court of Federal Claims. *See* ECF 19 ¶ 69 (alleging BLM's "repudiation" of the alleged 2016 agreement), ¶ 73(c) (requesting specific performance of the alleged 2016 agreement by BLM—that BLM "perform[] all conditions on its part within one year from judgment in good faith"). "The Tucker Act impliedly forbids an APA action seeking injunctive and declaratory relief" if that action is "a disguised breach-of-contract claim." *Thakur v. Trump*, 176 F.4th 1187, 1198 (9th Cir. 2026) (cleaned up).

#### 2. APA Count II also fails because Plaintiff fails to identify the requisite "final agency action" or "specific legislative command."

Further, this Court should dismiss APA Count II under Fed. R. Civ. P. 12(b)(1) because Plaintiff fails to identify an APA final agency action taken by BLM.

The finality requirement is a necessary "prerequisite to review" of any APA claim. *Dalton v. Specter*, 511 U.S. 462, 469 (1994). In the Ninth Circuit, "the final agency action requirement has been treated as jurisdictional." *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 571 (9th Cir. 2019).

Rather than identify any final agency action, Plaintiff challenges a collection of various individual actions that BLM supposedly took or refused to take, without

Page 20     United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

supposed decision date(s) for these actions. *See* ECF 19 ¶ 68. These actions cannot be packaged together and "laid before the courts for wholesale correction under the APA." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 893 (1990). An agency's policy, pattern, or practice is not a final agency action. *See id.* at 889-90.

Plaintiff alleges a BLM "repudiation" action taken on November 15, 2021, ECF 19 ¶ 38, but that was not a justiciable final agency action. Instead, that was the United States Attorney's Office's filing a motion to dismiss the Waibel case. Waibel action ECF 110. Plaintiff alleges that BLM on that date refused "to perform its obligation" and refused "to negotiate further." ECF 19 ¶ 38. To the contrary, this Court's docket shows that Waibel and the United States had already agreed that the United States would file a motion to dismiss after case mediation fell short. *See* Waibel ECF 99, 105, 107. The parties, further, expressly agreed that it was appropriate to await resolution of the motion to dismiss before commencing fact discovery. *See id.* ECF 105. Filing a motion to dismiss was hardly an illegal repudiation.

Further, highlighting there are no justiciable APA final agency actions here, Plaintiff fails to allege it exhausted administrative remedies by filing any administrative appeal of any BLM decision as required by the applicable Interior Department regulation. 43 CFR § 4.21(a).

In addition, the 2016 Joint Motion (which Plaintiff refers to as an "agreement") is not a final agency action under the APA. It was a court filing signed by litigation counsel for both Waibel and BLM. ECF 19-7. To be final, an agency action must: 1)

Page 21      United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

mark "the consummation of the agency's decision making process"; and 2) be an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (cleaned up). The supposed 2016 agreement was neither; it was a joint litigation filing that expressed the conditional intentions of Waibel and BLM. *See* ECF 19-7.

Nor does APA Count II rise to the level of an APA claim under 5 U.S.C. § 706(1). A court can compel agency action under section 706(1) "only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1071 (9th Cir. 2016) (cleaned up). Section 706(1) applies only when "an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010). South Fork fails to allege or identify any such command.

### F.  APA Count III fails under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1).

Plaintiff's APA Count III also fails under Fed. R. Civ. P. 12(b). Count III asserts "equitable estoppel" and a supposed BLM constitutional violation in allegedly "specific misrepresentations of fact and promises about" the alleged 2016 agreement between BLM and Waibel. ECF 19 ¶¶ 75-77.

This Court should dismiss Count III for the same reasons as Count II. *See supra* Argument II.D., II.. First, as Waibel's assignee, Plaintiff obtained no viable claims regarding the alleged 2016 agreement; the claim is not cognizable under Fed. R. Civ. P. 12(b)(6). Second, Waibel did not have any APA claims and did not assign

Page 22    United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

any APA claims to Plaintiff; Plaintiff therefore has no valid APA claims and Count III fails under Fed. R. Civ. P. 12(b)(6).  Third, Count III is a contract-related claim that may only be pursued in the Court of Federal Claims; this Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1).  Finally, Plaintiff fails to identify requisite "final agency action" or a "specific legislative command" to confer jurisdiction over Count III; Count III fails under Fed. R. Civ. P. 12(b)(1).

For all these reasons, this Court should dismiss Plaintiff's APA claim under Fed. R. Civ. P. 12(b).

### III.    In the alternative, this Court should dismiss under Fed. R. Civ. P. 12(b)(7) unless Plaintiff joins Crook County as a necessary party.

In the alternative, this Court should dismiss this case under Fed. R. Civ. P. 12(b)(7) for Plaintiff's failure to join Crook County as a necessary party to this action. Allegations regarding the "New Road" are central to Plaintiff's claims and Crook County has ownership and management interests in the New Road.  In Crook County's absence, this Court could not accord complete relief among the existing parties.  *See* Fed. R. Civ. P. 19(a)(1).  Addressing Plaintiff's allegations regarding the safety of the New Road—given Crook County's absence from the action—may impair or impede the county's ability to protect its interests.  *See id.*

Considering Plaintiff's allegations, Crook County is a necessary party. Plaintiff alleges that it "seeks declaratory relief about" the New Road.  ECF 19 at p.3. Plaintiff also alleges that the New Road is "conclusively a safe and suitable substitute road for public travel."  *Id.* ¶ 51.c).  Further, according to Plaintiff, Crook County formally "resolved" to accept the New Road as a local access road and has jurisdiction

Page 23     United States' Motion to Dismiss, *South Fork Ranch, LLC v. United States*; Case No. 2:25-cv-00186-HL

over the road under ORS § 368.031. *Id.* ¶ 33. Crook County is the alleged current owner of the New Road.

It would be inappropriate and prejudicial to delve into and/or decide the safety and suitability of the New Road in the absence of the party—Crook County—that owns and manages the New Road.

## CONCLUSION

For these reasons, this Court should dismiss this action.

Dated this 24th day of July 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ Sean E. Martin*
SEAN E. MARTIN
Assistant United States Attorney